IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE C. SHANE,

    Plaintiff,

vs.                                                       Civ. No. 01-194 MCA/WWD ACE

BRIAN KILLINGER, in his individual capacity,
and THE CITY OF ALBUQUERQUE,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiff's Motion to Compel Defendants to Respond to her First Sets of Discovery Requests [docket no. 52] filed May 22, 2002. In her memorandum brief in support of the motion, Plaintiff specifically seeks answers to interrogatories numbers 2, 4, 5, 6, 7, 9, and 12 from the first set of discovery requests to Defendant Killinger, and interrogatories numbers 3, 7, 8, 9, 15, 16, 17, 18, and 19 from Plaintiff's discovery requests to Defendant City of Albuquerque. Plaintiff also seeks to compel production sought in request for production numbers 1, 2, 3, 5, and 7 from Plaintiff's first set of discovery requests to Defendant Killinger, and request for production numbers 3 and 6 from Plaintiff's first set of discovery requests to Defendant City of Albuquerque. Defendants' Response in Opposition to Plaintiff's Motion to Compel Defendants to Respond to Plaintiff's First Set of Discovery Requests seeks to limit discovery to the specific acts and circumstances in connection with the incident which occurred on November 12, 2000, which gave rise to this lawsuit.

Since the instant motion was filed, the Honorable Martha Vasquez has granted Plaintiff's motion to amend her complaint. The amended complaint contains allegations concerning supervisory liability; consequently, some of the objections made by Defendants in connection with the sought discovery are no longer valid.

On or before July 16, 2002, Defendant Killinger should answer fully Interrogatory number 2 . No further answer will be required for Interrogatories numbers 4 and 5. The objections to Interrogatories numbers 6, 7, and 9 by Defendant Killinger, which I read in this instance as including "overly broad", are sustained, and no further response to those interrogatories will be required. A response to Interrogatory number 12 will not be required at this time; however, in order to make a final determination in this matter the Court needs more information. On or before July 12, 2002, The Defendant City of Albuquerque shall submit a form of protective order which will provided for an *in camera* inspection of the psychological evaluations of Defendant Killinger in its possession or available to it. The protective order shall track the protective order frequently used concerning internal affairs records. In the event that any further response in connection with Interrogatory number 12 is ordered, such order will be stayed to permit an appeal to the trial judge. Defendant Killinger shall produce the documents sought in Request for Production number 5. Defendant Killinger's objections to Requests for Production numbers 1, 2, 3, and 7 are sustained with the exception of the transcript to the belt tapes. A copy of those transcripts shall be furnished to Plaintiff by the Defendant Killinger's counsel after obtaining such a copy from the court reporter who made the transcription. Plaintiff shall pay the cost of obtaining this copy from the court reporter.

On or before July 16, 2002, Defendant City of Albuquerque should answer fully Interrogatories 7[1] (except when dealing with material covered in the *in camera* inspection above), 9, 16, 17,18, and 19.  A protective order should be submitted limiting the information supplied in response to Interrogatories 9, 16,17, 18 and 19 to use in this law suit and providing that if portions of the information obtained are filed with the Court, that the material should be filed under seal.  No further response is required to Interrogatory numbers 8 or 15. With respect to Plaintiff's Request for Production number 3 and 6, Defendant City of Albuquerque for each request shall prepare a log of all materials not produced setting out a description of the document including the date and author, if any, and subject or title of the document; and the privilege claimed for non-production. On or before July 15, 2002, the aforementioned log shall be served on Plaintiff and filed with the Court; and the Court shall also be provided on that date with copies of the documents being withheld for an *in camera* inspection pursuant to an appropriate protective order to be submitted by Defendant on or before July 12, 2002   At that time , I will determine whether any further action or response is necessary. This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

  _____
  **UNITED STATES MAGISTRATE JUDGE**

---

[1] Both Interrogatories number 7.